IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DIABETES AMERICA, INC., | § | CASE NO. 10-41521-H1-11 |
| | § | |
| Debtor. | § | |
| H. MALCOLM LOVETT, JR., | § | |
| PLAN AGENT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | ADVERSARY NO. 12-_____ |
| | § | |
| CARDINAL HEALTH, INC. D/B/A | § | |
| CARDINAL HEALTH | § | |
| PHARMACEUTICAL DISTRIBUTION, | § | |
| | § | |
| Defendant. | § | |

### PLAN AGENT'S ORIGINAL COMPLAINT AND OBJECTION TO CLAIM OF CARDINAL HEALTH, INC.

**To the Honorable Marvin Isgur,
Chief United States Bankruptcy Judge:**

H. Malcolm Lovett, Jr., Plan Agent (the "Plan Agent") under Diabetes America, Inc.'s (the "Debtor") Second Amended Chapter 11 Plan of Liquidation (the "Plan"), files this Original Complaint and Objection to Claim of Cardinal Health, Inc. d/b/a Cardinal Health Pharmaceutical Distribution ("Cardinal").

**Parties and Jurisdiction**

1. The Plan Agent may be served in this adversary through the undersigned counsel.

2. Cardinal is an Ohio corporation doing business in the state of Texas. Cardinal will be served with the complaint and summons at its local and principal business addresses: (i) 7052 Grand Blvd., Ste. 112, Houston, Texas 75247; and (ii) 7000 Cardinal Place, Dublin, Ohio

1

43017. Cardinal will also be served with the complaint and summons through its registered agent for service: CT Corporation System, 1300 East Ninth Street, Cleveland, Ohio 44114 and at its address listed in the Debtor's schedules: c/o Ellison & Totz, 2211 Norfolk St., Ste. 510, Houston, Texas 77098.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (C), (H) and (O).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Relief is sought pursuant to 11 U.S.C. §§ 548, 550 and other applicable law.

## Summary of the Plan Agent's Complaint

6. The Plan Agent seeks (i) to avoid certain pre-petition transfers made to Cardinal; (ii) to avoid any agreements obligating the Debtor to pay non-Debtor liabilities; and (iii) the disallowance of Cardinal's scheduled claim. The Plan Agent also seeks its fees, costs and interest in accordance with applicable law.

## Statement of Relevant Facts

7. Prior to the petition date, Cardinal provided certain pharmaceutical-related goods and/or services to a non-Debtor affiliate, Diabetes Centers of America Pharmacy LLC ("DCOA Pharmacy").

8. The Debtor had no contractual relationship with Cardinal and received no benefit from the goods and services provided by Cardinal to DCOA Pharmacy.

9. Despite the foregoing, from 2007 to the petition date, the Debtor made the following payments to Cardinal based on DCOA Pharmacy obligations:

2

| Check/Wire Transfer | Payment Date | Amount |
|---|---|---|
| ACH010209 | 01/02/2009 | 48,206.55 |
| CK010909 | 01/09/2009 | 41,572.37 |
| ACH011609 | 01/16/2009 | 57,895.80 |
| Draft100907 | 10/09/2007 | 73,810.87 |
| Draft101207 | 10/12/2007 | 25,235.52 |
| Ck101907 | 10/19/2007 | 32,838.14 |
| INV102607 | 10/26/2007 | 53,550.05 |
| Ck110207 | 11/02/2007 | 51,919.80 |
| CK110707 | 11/07/2007 | 1,961.06 |
| CK110909 | 11/09/2007 | 36,322.01 |
| INV111607 | 11/16/2007 | 45,783.94 |
| Draft112707 | 11/27/2007 | 47,563.13 |
| Draft113007 | 11/30/2007 | 88,992.97 |
| Draft120707 | 12/07/2007 | 43,707.87 |
| ACH121407 | 12/14/2007 | 26,833.84 |
| Draft122107 | 12/21/2007 | 32,455.19 |
| Draft122807 | 12/28/2007 | 50,712.77 |
| Draft010408 | 01/04/2008 | 31,221.08 |
| ACH011108 | 01/11/2008 | 73,268.17 |
| ACH011808 | 01/18/2008 | 40,901.51 |
| ACH012508 | 01/25/2008 | 35,885.51 |
| ACH020108 | 02/01/2008 | 47,538.04 |
| ACH020808 | 02/08/2008 | 44,911.31 |
| ACH21508 | 02/15/2008 | 41,566.76 |
| CK022208 | 02/22/2008 | 26,519.22 |
| ACH022908 | 02/29/2008 | 46,041.83 |
| CK030708 | 03/07/2008 | 46,002.07 |
| CK031408 | 03/14/2008 | 49,625.89 |
| ACH032108 | 03/21/2008 | 35,815.88 |
| ACH032808 | 03/28/2008 | 71,154.87 |

3

2824103v2

| Check/Wire Transfer | Payment Date | Amount |
|---|---|---|
| CK040308 | 04/04/2008 | 41,692.33 |
| CK041108 | 04/11/2008 | 39,095.20 |
| ACH04108 | 04/18/2008 | 42,627.77 |
| CK042508 | 04/25/2008 | 49,655.99 |
| ACH050208 | 05/02/2008 | 49,904.01 |
| ACH050908 | 05/09/2008 | 2,154.26 |
| CK050908 | 05/09/2008 | 40,627.84 |
| CK051308 | 05/13/2008 | 7.43 |
| ACH051608 | 05/16/2008 | 52,627.35 |
| CK051608 | 05/16/2008 | 427.89 |
| CK052308 | 05/23/2008 | 38,785.59 |
| CK52308b | 05/23/2008 | 380.09 |
| CK053008 | 05/30/2008 | 47,154.47 |
| CK060608 | 06/06/2008 | 27,088.92 |
| CK061308 | 06/13/2008 | 74,098.61 |
| CK062008 | 06/20/2008 | 34,470.96 |
| ACH062708 | 06/27/2008 | 41,427.52 |
| ACH070708 | 07/07/2008 | 50,684.28 |
| CK071108 | 07/11/2008 | 39,793.07 |
| CHK071808 | 07/18/2008 | 967.44 |
| CK071808 | 07/18/2008 | 56,495.79 |
| ACH072508 | 07/25/2008 | 47,862.52 |
| CK080108 | 08/01/2008 | 51,558.31 |
| ACH080808 | 08/08/2008 | 79,919.11 |
| 727630 | 08/08/2008 | 656.95 |
| CK081508 | 08/15/2008 | 46,247.51 |
| ACH082208 | 08/22/2008 | 730.81 |
| CK082208 | 08/22/2008 | 38,553.49 |
| ACH082908 | 08/29/2008 | 346.64 |
| CK082908 | 08/29/2008 | 38,464.71 |

2824103v2

| Check/Wire Transfer | Payment Date | Amount |
|---|---|---|
| ACH090508 | 09/05/2008 | 35,448.21 |
| 090509ACH | 09/05/2008 | 33.80 |
| CK091208 | 09/12/2008 | 48,689.57 |
| ACH091908 | 09/19/2008 | 423.32 |
| CK091908 | 09/19/2008 | 35,770.68 |
| CK092608 | 09/26/2008 | 42,000.89 |
| CK100308 | 10/03/2008 | 51,589.23 |
| CK101008 | 10/10/2008 | 36,485.44 |
| CK101708 | 10/17/2008 | 48,125.45 |
| CK102408 | 10/24/2008 | 44,711.71 |
| CK103108 | 10/31/2008 | 55,463.18 |
| CK110708 | 11/07/2008 | 38,909.35 |
| CK111408 | 11/14/2008 | 52,234.33 |
| ACH112108 | 11/21/2008 | 43,794.63 |
| ACH120108 | 12/01/2008 | 47,751.91 |
| INV120508 | 12/05/2008 | 24,413.79 |
| CK121209 | 12/12/2008 | 83,968.33 |
| CK121908 | 12/19/2008 | 53,201.29 |
| ACH122608 | 12/26/2008 | 55,386.85 |
| ACH12310 | 01/23/2009 | 44,897.88 |
| ACH013009 | 01/30/2009 | 78,064.76 |
| 020609 | 02/06/2009 | 64,306.40 |
| CK021309 | 02/13/2009 | 102,254.93 |
| ACH022009 | 02/20/2009 | 56,592.08 |
| CK022709 | 02/27/2009 | 63,414.87 |
| CK030609 | 03/06/2009 | 65,455.15 |
| ACH031309 | 03/13/2009 | 44,051.93 |
| CK032009 | 03/20/2009 | 51,666.76 |
| ACH032609 | 03/27/2009 | 91,701.42 |
| ACH040309 | 04/03/2009 | 70,724.27 |

5

| Check/Wire Transfer | Payment Date | Amount |
|---|---|---|
| CK041009 | 04/10/2009 | 43,171.51 |
| ACH041709 | 04/17/2009 | 52,855.40 |
| CK042409 | 04/24/2009 | 54,459.94 |
| ACH050109 | 05/01/2009 | 47,589.86 |
| ACH050809 | 05/08/2009 | 53,292.66 |
| 12318 | 05/11/2010 | 10,000.00 |
| 12473 | 05/25/2010 | 3,500.00 |
| 12542 | 06/08/2010 | 3,500.00 |
| 12678 | 06/22/2010 | 3,500.00 |
| 12798 | 07/06/2010 | 3,500.00 |
| 12930 | 07/20/2010 | 3,500.00 |
| 13006 | 08/03/2010 | 3,500.00 |
| 13164 | 08/17/2010 | 3,500.00 |
| 13289 | 08/31/2010 | 3,500.00 |
| 13437 | 09/14/2010 | 3,500.00 |
| 13602 | 09/28/2010 | 3,500.00 |
| **Total** |  | 4,212,222.66 |

10. The Debtor filed its chapter 11 case on December 21, 2010 [Docket No. 1, Case No. 10-41521].

11. On February 4, 2011, the Debtor scheduled Cardinal as holding an unsecured, nonpriority claim in the amount of $76,205.34 [Docket No. 96-5, Case No. 10-41521]. The Cardinal claim is based on DCOA Pharmacy's obligation.

12. On August 17, 2011, the Debtor entered into an Asset Purchase Agreement with EDG Partners Fund II, L.P. [Docket No. 265, Case No. 10-41521]. The Court approved the sale procedure, form of asset purchase agreement, form of notice, and bid protections on August 18, 2011 [Docket No. 267, Case No. 10-41521].

13. The Debtor filed its second amended disclosure statement and the Plan on September 1, 2011 [Docket Nos. 298 and 299, Case No. 10-41521]. On September 2, 2011, the Court entered an order approving the Debtor's disclosure statement [Docket No. 302, Case No. 10-41521]. On December 5, 2011, the Court entered an order confirming the Plan [Docket No. 368, Case No. 10-41521].

14. The Plan became effective on March 2, 2012.

15. Under the Plan, the Plan Agent is granted authority to file claim objections and bring avoidance actions on behalf of the Liquidating Debtor.

### Fraudulent Transfers Under 11 U.S.C. § 548

16. All pre-petition payments to Cardinal, as well as all pre-petition agreements between Cardinal and the Debtor regarding the payment of DCOA Pharmacy's obligations, if any, should be avoided under 11 U.S.C. § 548. Specifically, the Debtor received less than reasonably equivalent value for the transfers/agreements. On the date of the transfers/agreements, the Debtor (i) was insolvent, or became insolvent as a result thereof; (ii) was engaged or was about to engage in business in which its property after the transfers/agreements was unreasonably small capital; and/or (iii) intended to incur or believed it would incur debts that it would be unable to repay.

17. Under § 550(a) of the Bankruptcy Code, the Plan Agent may recover the property transferred or the value of such transfer from "the initial transferee of such transfer or the entity for whose benefit such transfer was made." 11 U.S.C. § 550(a). Cardinal is the initial transferee and/or the intended beneficiary of the transfers. The Plan Agent requests that the Court enter a judgment: (i) avoiding all pre-petition transfers to Cardinal, as well as any pre-petition agreements obligating the Debtor to pay DCOA Pharmacy's obligations to Cardinal; and (ii)

7

ordering the immediate return of all pre-petition payments to Cardinal plus pre- and post-judgment interest.

## Fraudulent Transfers under Texas Law

18. All payments to and agreements with Cardinal within 4 years prior to the petition date were made in violation of TEX. BUS. & COM. CODE ANN. § 24.001 *et seq*. Specifically, the transfers/agreements were made for less than equivalent consideration and the Debtor (i) was engaged in business for which the remaining assets were unreasonably small in relation to the Debtor's business; or (ii) reasonably should have known that the Debtor was incurring debts beyond its ability to repay them. TEX. BUS. & COM. CODE ANN. § 24.005. A creditor exists whose claim arose before or within a reasonable time after the occurrence of the transfers for whom the Plan Agent can act.

19. The transfers/agreements were also made without the Debtor receiving reasonably equivalent value in exchange for the transfers/agreements and the Debtor was insolvent at the time of the transfers/agreements. A creditor exists whose claim arose before the occurrence of the transfers/agreements for whom the Plan Agent can act. TEX. BUS. & COM. CODE ANN. § 24.006(a).

20. The Plan Agent seeks the return of all pre-petition payments to Cardinal and/or money damages against Cardinal pursuant to TEX. BUS. & COM. CODE ANN. § 24.008 and 11 U.S.C. § 550.

## Objection to Claim

21. The Debtor scheduled Cardinal as holding an unsecured, nonpriority claim in the amount of $76,205.34. The Cardinal claim is based on an obligation of DCOA Pharmacy and

8

2824103v2

should be disallowed in its entirety. Moreover, Cardinal's claim should be disallowed in accordance with 11 U.S.C. § 502(d) pending the repayment of all avoided transfers.

### Attorneys' Fees

22. The Plan Agent requests an award of their reasonable fees and costs pursuant to TEX. BUS. & COM. CODE ANN. § 24.013 and other applicable law.

### Request for Pre- and Post-Judgment Interest

23. The Plan Agent seeks pre-judgment interest on the value of all transfers from the date of transfer through the date of judgment at the rate of 5% per annum. The Plan Agent seeks post-judgment interest on all money damages awarded hereunder from the date of judgment until paid at the prevailing federal judgment rate.

### Prayer

24. The Plan Agent requests that the Court enter judgment as set forth above, disallow Cardinal's scheduled claim, require the immediate return of all pre-petition payments to Cardinal and grant such other relief as is just.

**Dated: June 26, 2012.**

        Respectfully submitted,

        **Porter Hedges LLP**

By: /s/ Joshua W. Wolfshohl
    Joshua W. Wolfshohl
    State Bar No. 24038592
    1000 Main Street, 36th Floor
    Houston, Texas 77002
    (713) 226-6000
    (713) 228-1331 (fax)
    **Counsel for H. Malcolm Lovett, Jr., Plan Agent**